# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ANDREW DEAN SNELLING,

      Plaintiff,

v.                                                                              Civ. No. 19-686 GBW/GJF

TRIBAL VAPORS, et al.,

      Defendants.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court *sua sponte*. Plaintiff filed his Complaint [ECF 1] on July 26, 2019. The Clerk of Court issued summons for each defendant on July 29, 2019. Affidavits of Service for Defendants Tribal Vapors and Smoke Free Technologies, Inc. d/b/a Vaporbeast.com ("Vaporbeast") were filed on October 21, 2019, averring that the complaint was served on those defendants in early August 2019 [ECF 3-4]. The docket sheet reflects no other activity has occurred in this case.

Despite summons being issued for Defendant Shenzhen MXJO Technology Co., Ltd., some one hundred thirty days ago, there is no indication that Plaintiff has effected service of process on that defendant. Pursuant to Federal Rule of Civil Procedure 4(m), absent a showing of good cause, the Court may dismiss a complaint without prejudice if service of process has not occurred within ninety days of the complaint being filed. Consequently, as set forth below, the Court will order Plaintiff to show good cause in writing why the complaint should not be dismissed as against Defendant Shenzhen.

In addition, well over ninety days have passed since Plaintiff served Defendants Tribal Vapors and Vaporbeast. Although neither defendant has answered or defended this case in any

way, Plaintiff has taken no steps to prosecute this action against them, whether by seeking default or otherwise.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to dismiss an action for failure to prosecute *sua sponte*. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003); *see also* D.N.M. LR-CIV 41.1 (stating that "[a] civil action may be dismissed if, for a period of ninety (90) days, no steps are taken to move the case forward"). The Court is also authorized to impose sanctions for Plaintiff's failure to prosecute based on the Court's inherent power to regulate its docket and promote judicial efficiency. *See Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984). One such sanction within the discretion of the Court is to dismiss an action for failing to prosecute. *See, e.g.*, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 856 (10th Cir. 2005); *see also Sweeney v. Anderson*, 129 F.2d 756, 758 (10th Cir. 1942) ("The duty rests upon the plaintiff to use diligence and to expedite his case to a final determination."). Consequently, as set forth below, the Court will order Plaintiff to show good cause in writing why the complaint should not be dismissed as against Defendants Tribal Vapors and Vaporbeast.

**IT IS THEREFORE ORDERED** that, in order to avoid dismissal of this action, Plaintiff must provide the Court with a written explanation showing good cause why this case should not be dismissed for failure to timely make service and for failure to prosecute, on or before **December 23, 2019**.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE