IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREW DEAN SNELLING,

    Plaintiff,

vs.                                                                                                                            No. CIV 19-0686 JB/GJF

TRIBAL VAPORS; SMOKE FREE
TECHNOLOGIES, INC. d/b/a
VAPORBEAST.COM and SHENZHEN
MXJO TECHNOLOGY CO., LTD.,

    Defendants.

## AMENDED ORDER[1]

**THIS MATTER** comes before the Court on the Court's Memorandum Opinion and Order, 2021 WL 1227836, filed March 31, 2021 (Doc. 17)("MOO"). In the MOO, the Court analyzes whether it has personal jurisdiction over Defendants Tribal Vapors, Smoke Free Technologies, Inc., and Shenzhen MXJO Technology Co., Ltd. See MOO at 64-81, 2021 WL 1227836, at *32-40. For the reasons stated in the MOO, Court concludes that it does not have personal jurisdiction over Smoke Free or Shenzhen MXJO. See MOO at 70-81, 2021 WL 1227836, at *34-40, 2021 WL 1227836, at *33-35. In addition, the Court concludes that it has personal jurisdiction over Tribal Vapors, because Tribal Vapors "has its headquarters and principal place of business in New Mexico." MOO at 66 (citing Daimler AG v. Bauman, 571 U.S. 117, 137 (2014); Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 927 (2011); Monge v. RG Petro-Machinery (Grp.) Co., 701 F.3d 598, 614 (10th Cir. 2012)). Consequently, the Court grants in part and denies in part the Plaintiff's Motion for Entry of Default as to Defendants Tribal

---

[1]This Order clarifies and amends the Court's Order in its Memorandum Opinion and Order, filed March 31, 2021 (Doc. 17).

Vapors, Smoke Free Technologies, Inc. d/b/a Vaporbeast.com, and Shenzhen MXJO Technology Co., Ltd., filed March 30, 2020 (Doc. 8), and enters default judgment with respect to Tribal Vapors' liability.  See MOO at 108, 2021 WL 1227836, at *52.  In the MOO, however, despite concluding that it has personal jurisdiction over Tribal Vapors, the Court mistakenly states: "Tribal Vapors and Smoke Free Technologies, Inc, d/b/a Vaporbeast.com are dismissed based on the Court's lack of personal jurisdiction."  MOO at 108, 2021 WL 1227836, at *52.  For the reasons stated in the MOO, the Court concludes that it has personal jurisdiction over Tribal Vapors, but does not have personal jurisdiction over Smoke Free or Shenzhen MXJO.  The Court will amend its Order to reflect the MOO's conclusions.

**IT IS ORDERED** that: (i) Smoke Free Technologies, Inc, d/b/a Vaporbeast.com and Shenzhen MXJO Technology Co., Ltd. are dismissed based on the Court's lack of personal jurisdiction; and (ii) Defendant Tribal Vapors is not dismissed.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Dennis K. Wallin
Alisa Lauer
The Spence Law Firm NM, LLC
Albuquerque, New Mexico

-- and --

Adam J. Kress
Johnson Becker, PLLC
St. Paul, Minnesota

*Attorneys for the Plaintiff*